1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America Plaintiff-Appellee,
v.
Francisco CORNEJO-MACIAS, Defendant-Appellant.
 No. 92-10352.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1993.*
Decided July 15, 1993.
 
 Before LAY,** Senior Circuit Judge, HUG and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Francisco Cornejo-Macias appeals his criminal sentence after pleading guilty to the charge of possession with intent to distribute cocaine. Cornejo-Macias argues that the district court misapplied the sentencing guidelines in computing his base offense level. Cornejo-Macias's negotiated plea agreement expressly waived his right to appeal the sentence pursuant to 18 U.S.C. Sec. 3742. We hold the waiver enforceable and therefore affirm the sentence.
 
 I. BACKGROUND
 
 3
 Cornejo-Macias was indicted on two counts: conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. He pleaded guilty to the possession count as part of a plea bargain in which the government agreed to dismiss the conspiracy count and to recommend a sentence at the low end of the applicable guideline range. The plea agreement contained two provisions relevant to this appeal. The first provision explained that the government agreed to recommend a sentence at the low end of the guideline range, but then stated:
 
 
 4
 Defendant understands that the United States' recommendation is not binding on the court, and the court may impose any sentence provided for by law.
 
 
 5
 (Emphasis added.) In the second provision, Cornejo-Macias specifically waived his right to appeal the sentence:
 
 5. Waiver of Defenses and Appeal Rights
 
 6
 Defendant hereby waives any right to raise and/or appeal or file any post-conviction writs of habeas corpus concerning any matter pertaining to the prosecution including all motions, defenses, probable cause determinations, and objections to the court's entry of judgment against defendant and imposition of sentence under Title 18, United States Code, Section 3742 (sentence appeals).
 
 
 7
 The district court accepted the plea, finding it to be knowing and voluntary.
 
 
 8
 At sentencing, the district court calculated Cornejo-Macias's base offense level at 28 by including the additional amount of cocaine in the dismissed conspiracy count. U.S.S.G. Sec. 1B1.3(a)(2), Sec. 2D1.1(a)(3)(C)(8). Cornejo-Macias appeals his sentence, claiming that the district court improperly determined his base offense level.
 
 II. DISCUSSION
 
 9
 The government argues that Cornejo-Macias has waived his right to appeal the sentence. We review this question de novo. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991).
 
 
 10
 Pursuant to 18 U.S.C. Sec. 3742(a)(2), an appellant may file a notice of appeal if the sentence was imposed "as a result of an incorrect application of the sentencing guidelines." Here, Cornejo-Macias expressly waived his section 3742 right to appeal. Cornejo-Macias contends that he waived only his right to appeal "any sentence provided for by law." We do not agree. The provision containing this language pertained to the government's agreement to recommend a sentence at the low end of the guideline range. The plea agreement later provided a clause specifically pertaining to waiver of appeal rights and expressly waiving Cornejo-Macias's right to appeal pursuant to section 3742. We therefore enforce Cornejo-Macias's waiver of his right to appeal the sentence. See Bolinger, 940 F.2d at 479-80 (enforcing the identical waiver provision in a plea agreement). However, even assuming there were no waiver, we have examined the merits of Cornejo-Macias's argument that the district court erred in computing his base offense level and find it to be without merit. See United States v. Fine, 975 F.2d 596 (9th Cir.1992).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3